**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **NANCY C. AUSTIN,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | **1:18-CV-4860-MHC-AJB** |
| **v.** | : | |
| | : | |
| **CALIBER HOME LOANS,** | : | |
| **U.S. BANK TRUST, N.A.,  as** | : | |
| **Trustee for LSF9 Master** | : | |
| **Participation Trust, and** | : | |
| **MORTGAGE ELECTRONIC** | : | |
| **REGISTRATION SYSTEMS ,** | : | |
| **INC.** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

On September 13, 2018, Plaintiff Nancy C. Austin filed a pro se complaint in the

Superior Court of Cobb County pertaining to foreclosure of the real property located

at 4579 Glenforest Dr. NE, Roswell, GA 30075.[1]  Defendants Caliber Home Loans

("Caliber"), U.S. Bank Trust, N.A. ("U.S. Bank"), and Mortgage Electronic

---

[1]        Plaintiff contemporaneously filed a motion for temporary restraining order and temporary injunction, seeking to stop the foreclosure sale that was scheduled for October 2, 2018.  [Doc. 2].   Due to the pendency of this litigation, Defendants cancelled the sale, and no sale is currently scheduled.  [Doc. 1 at 2 n.1].

Registration Systems Inc. ("MERS") removed the action to federal court on October 19, 2018. Defendants have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which this Court can grant relief. [Doc. 6]. Plaintiff has filed a response in opposition, [Doc. 11], Defendants have filed a reply in support, [Doc. 12], and Plaintiff has filed a sur-reply, [Doc. 13].[2]

For the reasons discussed below, the undersigned **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

## I.   *Background*

On May 30, 2007, Plaintiff signed a security deed securing a debt of $195,895 on the real property located at 4579 Glenforest Dr. NE, Roswell, GA 30075 (the "Property"). [Doc. 1-1 at 24].[3] MERS was the grantee of this security deed that was

---

[2]     The Court notes that sur-replies are not allowed under LR 7, NDGa, and Plaintiff did not seek leave to file this sur-reply. Given Plaintiff's pro se status, however, the Court will allow the filing and will consider it in this analysis.

[3]     A court generally must convert a motion to dismiss under Federal Rule of Civil Procedure 12 to a motion for summary judgment under Rule 56 if it considers materials outside of a complaint. *See* Fed. R. Civ. P. 12(b); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). However, "when considering a 12(b)(6) motion to dismiss, a court

2

may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Communications, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (citing *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999)). Also, a court may consider documents attached to a complaint if they are (1) undisputed and (2) central to the plaintiff's claim. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). " 'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Finally, a court may consider a document, even if not attached to the complaint, if: (1) its contents are alleged in the complaint; (2) no party questions the contents; and (3) it is central to plaintiff's claim. *Id.* In addition, while the Court must generally take the facts in the complaint as true for purposes of a motion to dismiss, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (quoting *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007)).

The Court, therefore, may consider the exhibits attached to Plaintiff's complaint, [Doc. 1-1 at 24-57, 67-89], since they either are public records, referenced in the complaint, or central to Plaintiff's claims. On the other hand, the Court does not consider the affidavit of Joseph R. Esquivel, Jr., [*id.* at 15-23, 58-66]. Although the affidavit might qualify as a "written instrument" for purposes of Rule 10(c) of the Federal Rules of Civil Procedure, consideration of expert opinions (assuming for purposes of this motion only that Mr. Esquivel's opinions qualify as such), are not appropriate at the motion to dismiss stage. *Brothers v. Saag*, No. 4:13-CV-466-VEH, 2014 WL 838890, at *6 (N.D. Ala. Mar. 4, 2014); *see also Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285–86 (5th Cir. 2006).

*Arthur v. Thomas*, 674 F.3d 1257 (11th Cir. 2012), does not compel a different result. In *Arthur*, the Eleventh Circuit reversed a dismissal of Arthur's complaint under Rule 12(b)(6) because the district court had determined that it could not consider new allegations and evidence presented by Arthur that "there ha[d] been a 'significant change' to Alabama's execution protocol." *See Arthur*, 674 F.3d at 1260-61. Arthur attached to his complaint the affidavits of two experts who provided new "evidence of

3

duly recorded in the Cobb County Superior Court Deed Book. [*Id*.]. On November 17, 2010, the security deed was assigned by MERS to CitiMortgage, Inc. [*Id*. at 31]. On September 23, 2014, CitiMortgage transferred the assignment to the Secretary of Housing and Urban Development. [*Id*. at 33]. The Secretary of Housing and Urban Development then transferred the assignment to U.S. Bank on June 23, 2015. [*Id*. at 38].[4]

---

how pentobarbital is actually administered in Alabama." *Id.* at 1262. The court concluded that Arthur's complaint presented materially different facts from the circuit court's earlier cases. *Id.* ("These significant differences between the factual allegations and supporting affidavits in this case, which we must assume to be true at the motion to dismiss stage, render Arthur's case distinct from the facts and circumstances addressed in our previous decisions."). The court explained that the district court should have considered the expert affidavits that Arthur had attached to his complaint and determined whether the facts alleged in his complaint were materially different from the allegations and evidence presented in the court's previous decisions. On the other hand, Esquivel's affidavit contains specious legal and other opinions masquerading as facts, [*see*, *e.g.*, Doc 1-1 at 17 (¶¶ 14-16), 18 (¶¶ 17, 20), 19 (¶ 23), 20 (¶¶ 25, 27), 21-22 (¶¶ 29-35), which the Court does not consider for purposes of ruling on a motion to dismiss. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

[4] A corrective assignment was executed on October 31, 2016. [Doc. 1-1 at 40]. The assignment was corrected to reflect the proper notary block.

4

On July 27, 2018, Caliber, represented by Albertelli Law Firm,[5] sent Plaintiff a letter stating she owed a total claim of $238,410.04 on the Property, pursuant to "the terms of the Promissory Note and Mortgage associated with" her loan.[6] [Doc. 1-1 at 41].  On August 14, 2018, Albertelli Law Firm sent Plaintiff a notice that, due to her "default under the terms of the Security Deed," the Property would be sold at the Cobb County Courthouse on October 2, 2018.  [Doc. 1-1 at 43].  Plaintiff then filed a complaint in the Superior Court of Cobb County on September 13, 2018, with the following causes of action: (1) negligence, (2) fraud, (3) to void or cancel assignments of the deed of trust/security instrument, (4) breach of the implied covenant of good faith and fair dealing, (5) wrongful foreclosure, (6) quiet title, and (7) slander of title. [Doc. 1-1].  Defendants removed the case to federal court on October 19, 2018, alleging diversity-of-citizenship subject matter jurisdiction.  [Doc. 1].

---

[5]      Caliber is the servicer of the loan.  O.C.G.A. § 44-14-162.2(a) does not require that the secured creditor be identified in the notice.  *You v. JP Morgan Chase Bank N.A.*, 293 Ga. 67, 743 S.E.2d 428 (2013).

[6]      This total claim amount is a result of acceleration of the mortgage debt. The acceleration clause in the security deed allows the lender to demand "immediate payment in full of all sums secured by this Security Instrument" if the borrower fails "to pay in full any monthly payment required by this Security Instrument." [Doc. 1-1 at 26, ¶ 9].

AO 72A
(Rev.8/8
2)

Defendants have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all seven causes of action in Plaintiff's complaint for failure to state a claim upon which this Court can grant relief.  [Doc. 6].  They argue that the following causes of action all fail as a matter of law:  negligence, to void or cancel assignments of the deed of trust/security instrument, breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, quiet title, and slander of title.  As for the fraud claim, they argue that it does not meet the stringent pleading requirement of Federal Rule of Civil Procedure 9(b).[7]

Plaintiff counters that she has standing to seek equitable relief and that Defendants' motion improperly argues issues of material fact.  [Doc. 11].  She claims that "[b]y granting Defendants [sic] Motion to Dismiss Plaintiffs [sic] Complaint without considering all of the relevant and material facts in this action, based on evidence that remains disputed, the Court would greatly prejudice and harm Plaintiff's action, in that Plaintiff brings proper causes of action in this case, as filed, but will not be able to argue against any interests, such as Defendants, without questioning the validity of what Defendants purport to have."  [*Id.* at 9].  She notes that there has been

---

[7]    Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

AO 72A
(Rev.8/8
2)

no discovery thus far in the case, and she "has several other claims associated with these claims regarding Plaintiff's lack of knowledge in the loan misrepresentations, Slander of Title, unfair and unlawful practices, and wrongful foreclosure that could be brought upon an amendment of this Complaint." [Doc. 13 at 4]. She further argues that MERS did not have the authority to assign the security deed and that the Notice of Default from Caliber is invalid because it was not signed by the trustee. [Doc. 11 at 6].

## II.    Legal Standard

The Court notes that Plaintiff is proceeding pro se. A "document filed *pro se* is 'to be liberally construed,' . . . , and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (discussing that pro se filings are entitled to liberal construction). Nevertheless, a court is under no duty to "re-write" a pro se plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. Jan. 9, 2008) (holding that leniency in construing pro se pleadings "does not permit the district court

AO 72A
(Rev.8/8
2)

to act as counsel for a party or to rewrite deficient pleadings") (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). While a complaint need not contain detailed factual allegations, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth."). Rather, plaintiffs are required to make factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."

8

*Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).  A complaint also may be dismissed pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.   Discussion

#### A.      *Negligence (1st Cause of Action)*

Plaintiff avers that Defendants, "acting as Plaintiff's lender and loan servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, [sic] accurate crediting of payments made by Plaintiff."  [Doc. 1-1 at 6-7, ¶ 14].  In sum, this is a claim for negligent servicing of Plaintiff's mortgage.  To succeed on this claim under Georgia law, Plaintiff must establish that there was "the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages."  *Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 533, 744 S.E.2d 369, 373 (2013).  Under Georgia law, "[t]here is . . . no confidential

relationship between lender and borrower or mortgagee and mortgagor, for they are creditor and debtor with clearly opposite interests." *Pardue v. Bankers First Fed. Sav. & Loan Ass'n*, 175 Ga. App. 814, 814, 334 S.E.2d 926, 927 (1985); *see also Baker v. Campbell,* 255 Ga. App. 523, 528, 565 S.E.2d 855, 859 (2002); *Jenkins v. Wachovia Bank, N.A.*, 314 Ga. App. 257, 261, 724 S.E.2d 1, 5 (2012); *Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1284 (N.D. Ga. 2014).  Because no such confidential relationship exists, Defendants have no duty to Plaintiff to properly service her mortgage.  *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 1:11-cv-4091-TWT-ECS, 2012 WL 3756512, at *9 (N.D. Ga. 2012) (R&R), *adopted by* No. 1:11-cv-4091-TWT, 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012); *see also Phillips v. Ocwen Loan Servicing, LLC*, No. 1:12-cv-3861-WSD, 2013 WL 4854760, at *5 (N.D. Ga. 2013) ("A defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law") (citing *Fielbon Dev. Co. v. Colony Bank of Houston Cnty.*, 290 Ga. App. 847, [855], 660 S.E.2d 801, 808 (2008)).  Plaintiff's claim for negligence must therefore fail because  no legal duty existed on the part of Defendants.  Without an independent legal duty on the part of Defendants, Plaintiff's claim is essentially one

10

for breach of contract, however, Plaintiff has not pleaded this claim. The Court understands that Plaintiff is proceeding pro se, yet while "a trial judge is to employ less stringent standards in assessing *pro se* pleadings . . . than would be used to judge the final product of lawyers," *Lampkin-Asam*, 261 Fed. Appx. at 276-77 (quoting *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976)), this leniency does not mean that the Court will supply arguments or act as counsel for a party. *Id.* (citing *GJR Inv., Inc.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Inv., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party.").

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** with respect to Plaintiff's claim for negligence, and that Count I be **DISMISSED** as matter of law.

### B. Fraud (2nd Cause of Action)

Plaintiff contends that Defendants defrauded her by not properly crediting payments, conducting inaccurate accounting, and concealing "material facts known to them but not to Plaintiff regarding payments, notices, assignments, transfers, late fees and charges." [Doc. 1-1 at 7, ¶ 20]. Whenever a plaintiff alleges fraud, the allegation must "state with particularity the circumstances constituting fraud or mistake."

AO 72A
(Rev.8/8
2)

Fed. R. Civ. Proc. 9(b).  To meet this particularity requirement, the complaint must state "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).  The reason for this heightened requirement is so that defendants will be given notice of exactly the misconduct being alleged, and to protect "defendants 'against spurious charges of immoral and fraudulent behavior.' " *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984)).  Under Georgia law, the plaintiff must plead facts that show the defendant (1) made false representations, (2) knew the representations were false at the time they were made, (3) intended those false representations to deceive the plaintiff, and that the plaintiff relied on those representations, incurring damages as a result.  *Estate of Shannon v. Ahmed*, 304 Ga. App. 380, 383, 696 S.E.2d 408, 410 (2010).

Contrary to these requirements, Plaintiff's complaint contains only general allegations.  She alleges that the fraud was conducted for the purposes of foreclosing on her property, [Doc. 1-1 at 7, ¶ 19], however, she does not set forth any details

12

concerning who conducted the alleged fraud, when it was conducted, the manner in which the fraud misled her, the damages she suffered, etc.   Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Plaintiff's claim for fraud, and that Count II be **DISMISSED**.

### C.   *To Void or Cancel the Assignment of the Deed of Trusts (3rd Cause of Action)*

Plaintiff contends that the assignment recorded on November 29, 2010, is invalid because "MERS did not have standing or legal authority to assign the deed of trust." [Doc. 1-1 at 8, ¶ 24].[8]   Defendants counter that she lacks standing to challenge the assignments, and even if she has standing, MERS did have the authority to assign its interest.  [Doc. 6-1 at 9].

Plaintiff's argument is one that has been seen before, and ultimately rejected, both by federal judges in this district and Georgia state court judges.  *See, e.g., Dunn v. BAC Home Loan Servs., L.P.,* Civ. Action No. 1:12-CV-1047-TWT, 2013 WL 1755808, at *2 (N.D. Ga. Apr. 23, 2013) (Thrash, J.) (noting that "Georgia

---

[8]       The Court notes that there was no assignment on November 29, 2010.  The assignment closest in time to that date is the assignment from MERS to CitiMortgage, Inc.  on November 17, 2010.  [Doc. 1-1 at 31].  The Court presumes that Plaintiff intended to reference this assignment as the initial assignment from MERS.

13

courts have approved of MERS acting as a conduit for electronic transfers of mortgage loans") (citing *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 848 n.1, 583 S.E.2d 844, 845 (2003)); *Brown v. Fannie Mae*, Civ. Action No. 1:10-CV-3289-TWT-GGB, 2011 U.S. Dist. LEXIS 31478, at *16 (N.D. Ga. 2011) (Brill, M.J.) (holding that a security deed naming MERS as grantee and nominee for the lender gave MERS the right to exercise all of the interests granted by the security deed), *adopted at* 2011 U.S. Dist. LEXIS 31471 (N.D. Ga. Mar. 24, 2011) (Thrash, J.); *Nicholson v. Onewest Bank*, Civ. Action No. 1:10-CV-0795-JEC-AJB, 2010 WL 2732325, at *3-4 & n.3 (N.D. Ga. 2010) (Baverman, M.J.) (rejecting plaintiff's argument that assignment of security deed by MERS as nominee for the lender was improper), *adopted at* 2010 WL 2732329 (N.D. Ga. 2010) (Carnes, J.); *Larose v. Bank of Am., N.A.*, 321 Ga. App. 465, 467-68, 740 S.E.2d 882, 884 (2013) ("Larose granted MERS the full power to assign the property to a third party . . . , and his argument that the assignment was invalid is without merit."); *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 344-45, 740 S.E.2d 434, 437 (2013) (holding that "the security deed expressly conveyed title to the interests in the security deed to MERS, gave MERS the right to invoke the power of sale, and authorized MERS to assign its rights and interests in the security deed"). It is clear that MERS is the grantee of the security deed executed on May 30, 2007.

14

[Doc. 1-1 at 24].  "The grantee in a security deed holds the legal title for the benefit of the owner of the debt."  *White v. First Nat'l Bank*, 174 Ga. 281, 293, 162 S.E. 701, 706 (1932) (quoting *Shumate v. McLendon*, 120 Ga. 396, [396], 48 S.E. 10, [12] (1904)).  "[T]ransfers of deeds to secure debt . . . shall be sufficient to transfer the property therein described and the indebtedness therein secured."  O.C.G.A. § 44-14-64 (b).

Further, Defendants are correct that Plaintiff, as the borrower, lacks standing to challenge the assignments of the security deed.  Because an assignment is a contract under Georgia law, "[a] borrower who is neither a party to nor a beneficiary of an assignment of his loan thus lacks standing to challenge the assignment's validity."  *Cooley v. Ocwen Loan Servicing, LLC*, 729 Fed. Appx. 677, 681 (11th Cir. Mar. 5, 2018); *see also  Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013) (finding that the plaintiff had no standing because he was not a party to the assignment).

For these reasons, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Plaintiffs' cause of action to void or cancel the assignments, and that Count III be **DISMISSED** as a matter of law.

AO 72A
(Rev.8/8
2)

### D.      Breach of the Implied Covenant of Good Faith and Fair Dealing (4th Cause of Action)

Plaintiff avers that Defendants breached an implied covenant of good faith and fair dealing by engaging "in such conduct to drive Plaintiff into foreclosure so that they could acquire the Subject Property with its large equity at a bargain basement price." [Doc. 1-1 at 10, ¶ 35]. Defendants argue that this cause of action must fail as a matter of law because this cause of action is "merely incident to a contract." [Doc. 6-1 at 11].

Defendants are correct that under Georgia law, "[t]he covenant to perform in good faith is not an independent contract term. It is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms *de facto* when performance is maintained *de jure*." *Stuart Enters. Int'l, Inc. v. Peykan, Inc.*, 245 Ga. App. 231, 234, 555 S.E.2d 881, 884 (2001) (quoting *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990)) (internal citations and quotation marks omitted). Essentially, this means that "Georgia law . . . [does] not recognize . . . an independent cause of action" for breach of good faith and fair dealing separate from breach of contract. *Id.* As noted in Section III(A), *supra*, Plaintiff did not plead a breach of contract claim. Accordingly, because Georgia law does not recognize a separate claim for breach of this implied covenant, the

16

undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Plaintiff's claim of breach of implied covenant of good faith and fair dealing, and that Count IV be **DISMISSED** as a matter of law.

### E.    *Wrongful Foreclosure (5th Cause of Action)*

Defendants contend that Plaintiff's claim for wrongful foreclosure "fails for the simple reason that the Property has not been sold at a foreclosure sale, nor is a sale currently scheduled." [Doc. 6-1 at 11].  In her sur-reply to Defendants' motion to dismiss, "Plaintiff agrees that the action for wrongful foreclosure is moot at this time." [Doc. 13 at 3].  Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Plaintiff's claim for wrongful foreclosure, and that Count V be **DISMISSED**.

### F.    *Quiet Title (6th Cause of Action)*

"Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Title Defendants and each of them be declared to have no interest [sic] estate, right, title or interest in the subject property and that the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights." [Doc. 1-1 at 12-13, ¶ 46].   Quiet title actions provide "a procedure for removing

17

any cloud upon the title to land" and to establish certainty as to ownership. O.C.G.A. § 23-3-60; *see also Smith v. Ga. Kaolin Co.*, 264 Ga. 755, 756, 449 S.E.2d 85, 86 (1994) ("Any person who claims an interest in land may bring a proceeding to establish title to the land, determine all adverse claims, or to remove clouds on his title."). The Quiet Title Act of 1966, O.C.G.A. § 23-3-60 *et seq*, governs quiet title actions in the state of Georgia. *Johnson v. Bank of Am., N.A.*, 333 Ga. App. 539, 540, 773 S.E.2d 810, 812 (2015). This act lays out specific requirements that must be included in any quiet title action. "[A] petition to quiet title must contain a particular description of the land, a specification of the petitioner's interest in the land, and whether that interest is based upon a written instrument, adverse possession or both," and the petition must also be accompanied by "a plat of survey and copies of any written instruments upon which petitioner's interest or that of an adverse claimant is based.' " *GHG, Inc. v. Bryan*, 275 Ga. 336, 336, 566 S.E.2d 662, 662 (2002) (citing O.C.G.A. § 23-3-62). Plaintiff has not satisfied these requirements of the Quiet Title Act.

Further, under O.C.G.A. § 44-14-60, the granting of a security deed constitutes "an absolute conveyance, with the right reserved by the grantor to have the property reconveyed to him upon the payment of the debt." It is clear in the record that Plaintiff

18

executed a security deed, and there is no indication that she has paid off the loan.[9]  It is thus clear that Plaintiff is not entitled to a judicial declaration that the Defendants have no estate, title, or interest in the Property.   For these reasons, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Plaintiff's claim for quiet title, and that Count VI be **DISMISSED**.

### G.      Slander of Title (7th Cause of Action)

Plaintiff argues that Defendants have slandered the title to the Property as a result of the purportedly false assignments, Notice of Default, and Notice of Trustee's Sale. [Doc. 1-1 at 13, ¶¶ 48-51].  Georgia law allows a property owner to "bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom."  O.C.G.A. § 51-9-11.  As with claims for quiet title, there are specific requirements that Plaintiff must prove in order to succeed on a slander of title claim.  First, Plaintiff must prove that she has possession of an estate in the Property.  Secondly, she must show that libelous or slanderous words against the Property were publicized.  Thirdly, she must prove that the words were

---

[9]      In fact, the July 27, 2018, letter from Albertelli Law to Plaintiff indicates that she was in default and still owed $175,466.87 on the principal of the loan. [Doc. 1-1 at 41].

actually malicious and false.  Finally, she must show that this slander caused her to sustain special damages via a loss in property value.  *M&M Mortg. Co. v. Grantville Mill, LLC*, 302 Ga. App. 46, 50, 690 S.E.2d 630, 633 (2010).

The Court does not find that the Notice of Default or Notice of Trustee's Sale meets the threshold for slander of title.  Because the Court has found that MERS had the authority to assign the security deed and Plaintiff lacks standing to challenge the assignments,[10] these documents are neither malicious nor false.  Further, Plaintiff has not alleged any special damages.  Such damages are "an essential element necessary to sustain the action" for slander to title.   *M&M Mortg. Co.*, 302 Ga. App. at 50, 690 S.E.2d at 633.  Consequently, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Plaintiff's claim for slander of title, and that Count VII be **DISMISSED**.

## IV.    *Leave to Replead*

In her sur-reply to Defendants' motion to dismiss, Plaintiff seeks denial of the motion, or alternatively, leave to file an amended complaint.  [Doc. 13 at 8].  Courts should give a pro se plaintiff the opportunity to amend a complaint instead of dismissing it with prejudice if it is clear that such an amendment might state a claim

---

[10]*Supra* Section III(C).

20

upon which this Court could grant relief.    *See Bank v. Pitt*, 928 F.2d 1108, 1112

(11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*,

314 F.3d 541, 542 (11th Cir. 2002) (en banc).   However, it is clear that an amendment

to Plaintiff's complaint would not state a valid claim, and in that case, dismissal with

prejudice is proper.    *Jemison v. Mitchell*, 380 Fed. Appx. 904, 907 (11th Cir.

May 27, 2010).  The primary crux of Plaintiff's arguments appears to be that MERS did

not have the right or authority to assign the security deed, so all of the assignments are

thus invalid.  However, "[a]s [borrower] lacks standing to contest the assignment of the

security interests . . . under Georgia law, an amendment to its . . . Complaint to contest

the assignment would be futile."  *LSREF2 Baron, LLC v. Alexander SRP Apts., LLC*,

15 F. Supp. 3d 1351, 1354 (N.D. Ga. 2013) (alterations omitted).

Plaintiff asserts that she can flesh out several of her claims after discovery,

[Doc. 13 at 4], however, discovery is not appropriate at this stage of the case.  "In

removed cases, the discovery period commences thirty days after the removed case is

filed in this Court if any defendant has appeared by answer to the complaint prior to

removal."  Otherwise, "[t]he discovery period shall commence thirty days after the

appearance of the first defendant by answer to the complaint, unless the parties

mutually consent to begin earlier." LR 26.2(A), NDGa.  Defendants have not filed an

answer in this case.[11]  Instead, they have filed a motion to dismiss her complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[12]

After analyzing Plaintiff's claims, it is clear that discovery would have no bearing on her ability to present a valid claim, as the claims either fail as a matter of law or are based on faulty legal premises.  For instance, her claims for negligence, to void or cancel the assignments, quiet title, and slander of title all fail as a matter of law.[13] As noted in Section III(D), *supra*, Plaintiff must have a breach of contract claim in order to have a claim for breach of the implied covenant of good faith and fair dealing. Plaintiff did not plead beach of contract, however, had she done so, it would also fail as a matter of law.  "The  essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom."  *TDS Healthcare Sys. Corp. v. Humana Hosp. Ill., Inc.*, 880 F. Supp. 1572, 1583 (N.D. Ga. 1995).  Plaintiff has proven the existence of a valid contract, i.e. the security

---

[11]     Defendant have not answered either before or after the removal was effected.

[12]     If the District Court accepts the undersigned's recommendation to grant Defendants' motion to dismiss, this case will not proceed to discovery.

[13]     The claim for wrongful foreclosure is moot because no foreclosure has occurred.

22

deed, yet Plaintiff has not indicated exactly which provision of the contract Defendants violated.  "Because [plaintiff] cannot point to any contractual provision that [defendant] breached . . . [plaintiff] cannot state a claim for breach of contract based on these allegations."  *Am. Casual Dining, L.P. v. Moe's Sw. Grill, LLC*, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) (citing *Adkins v. Cagle Foods JV, LLC*, 441 F.3d 1320, 1327 (11th Cir. 2005)).   Further, a mortgagor "must show that the premature or improper exercise of some power under the deed . . . resulted in damages that would not have occurred but for the breach."  *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1132-33 (11th Cir. 2014).  The fact that Plaintiff has not made her mortgage payments and is in default cuts off any potential claim she may have for damages.  *Rourk v. Bank of Am., N.A.*, 587 Fed. Appx. 597, 598 (11th Cir. Sept. 30, 2014).   Plaintiff had a contract obligation to make the mortgage payments, and nonperformance of this obligation may only be excused if it was caused by the Defendants, rendering performance useless or impossible.  O.C.G.A. § 13-4-23. ("If the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance."); *see also L.D.F. Family Farm, Inc. v. Charterbank*, 326 Ga. App. 361, 366, 756 S.E.2d 593, 598 (2014).   Plaintiff's "nonpayment is fatal to [a] claim for breach of contract . . . as her 'alleged injury was

solely attributable to [her] own acts or omissions.' " *Rourk*, 587 Fed. Appx. at 600 (quoting *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 372, 601 S.E.2d 842, 845 (2004)).

Plaintiff has also given the Court little basis upon which to conclude that a more carefully drafted complaint could state a viable claim for fraud. As discussed above, her primary argument that MERS did not have the authority to assign the security deed fails as a matter of law. Further, her arguments that "Defendants failed to properly credit payments made" and "had actual knowledge that the Plaintiff's account was not accurate," [Doc. 1-1 at 7 ¶¶ 18-19], pertain to a claim of negligent mortgage servicing rather than one for fraud. There is not even a bare indication how Plaintiff sustained a loss or incurred damages as the proximate result of false representations by Defendants. In fact, any damages appear to stem directly from Plaintiff's failure to make the required loan payments rather than as a result of any false representations by Defendants.

Based on all of these considerations, the undersigned **RECOMMENDS** that the District Court **NOT PROVIDE** Plaintiff with an opportunity to amend her complaint.

## V.    *Conclusion*

As detailed in the preceding analysis, the undersigned **RECOMMENDS** that

24

Defendants' motion to dismiss, [Doc. 6], be **GRANTED** and Plaintiff's claims be **DISMISSED**. The undersigned further **RECOMMENDS** that the District Court **NOT PROVIDE** Plaintiff with an opportunity to amend her complaint, and that her complaint be **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this the   12th   day of February, 2019.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

25