IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NANCY C. AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, and MORTGAGE ELECTRONIC SYSTEMS, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:18-CV-4860-MHC |

## ORDER

### I. PROCEDURAL HISTORY

On September 13, 2018, Plaintiff Nancy C. Austin ("Austin") filed her *pro se* Complaint in the Superior Court of Cobb County, Georgia, alleging a number of claims arising from a then-scheduled foreclosure sale of property purchased by Austin, who defaulted on a loan agreement which was secured by a security deed on the property. Compl. [Doc. 1-1]. Defendants removed the Complaint to this Court on October 19, 2018. Notice of Removal [Doc. 1].

On October 26, 2018, Defendants filed a Motion to Dismiss the Complaint. Defs.' Mot. to Dismiss [Doc. 6]. On February 12, 2019, the Magistrate Judge

issued a Final Report and Recommendation ("R&R") that Defendants' Motion to Dismiss should be granted. R&R [Doc. 14].

The Order for Service of the R&R [Doc. 15] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. On February 26, 2019, Austin filed her "Objections to Magistrate Judge's Findings and Recommendations" [Doc. 16], which the Court will consider as her objections to the R&R.

## II.   STANDARD OF REVIEW

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need

2

only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

## III. DISCUSSION

### A. Wrongful Foreclosure

In her Fifth Cause of Action for wrongful foreclosure, Austin alleges that Defendants had no right to foreclose on her loan because they are not the note holders or beneficiaries to the loan. Compl. ¶¶ 39-41. During the pendency of this litigation, Defendants cancelled the foreclosure sale and it has not been rescheduled. Notice of Removal at 2 n.1. For that reason, the Magistrate Judge recommends that this claim be dismissed as moot. R&R at 17. In her objections, Austin agrees that her wrongful foreclosure claim is premature but asks that the dismissal of that claim be without prejudice so she can refile that claim in the event Defendants foreclose on her property. Def.'s Objs. at 4. Given that this claim is being dismissed as premature, the Court will dismiss her wrongful foreclosure

claim without prejudice. Austin's objection to the recommendation that this particular claim be dismissed with prejudice is **SUSTAINED**.

**B.     Fraud**

In her Second Cause of Action, Austin makes conclusory allegations that Defendants engaged in a pattern and practice of defrauding her during the life of the mortgage loan by not crediting payments. Conducting inaccurate accounting, and concealing material facts. Compl. ¶¶ 18-22. The Magistrate Judge recommends dismissal of this claim for failure to plead facts that are specific to support a claim for fraud under Georgia law. R&R at 11-13. Austin does not dispute this finding, but asks permission to file an Amended Complaint or to dismiss this claim without prejudice. However, this ignores the Magistrate Judge's reasons as to why Austin should not be granted permission to file an Amended Complaint because there is no viable claim for fraud based on the facts as alleged:

> Plaintiff has also given the Court little basis upon which to conclude that a more carefully drafted complaint could state a viable claim for fraud. As discussed above, her primary argument that MERS did not have the authority to assign the security deed fails as a matter of law. Further, her arguments that "Defendants failed to properly credit payments made" and "had actual knowledge that the Plaintiff's account was not accurate," [Doc. 1-1 at 7 ¶¶ 18-19], pertain to a claim of negligent mortgage servicing rather than one for fraud. There is not even a bare indication how Plaintiff sustained a loss or incurred damages as the proximate result of false representations by Defendants. In fact, any damages appear to stem directly from Plaintiff's failure to

make the required loan payments rather than as a result of any false representations by Defendants.

R&R at 24. This Court agrees with the Magistrate Judge. "Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not withstand a motion to dismiss." James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)). "[I]n assessing an argument that an amendment would be futile, the court must assess the proposed amendments under the same standard as would be applied to a motion to dismiss." Oladokun v. Corr. Treatment Facility, 5 F. Supp. 3d 7 (D.D.C. 2013).

In this case, any amendment to the Complaint alleging fraud would be futile as any damages in this case arise of Austin's own failure to make her required loan payments. Consequently, her objections to the dismissal of her fraud claim with prejudice without providing her with an opportunity to amend are **OVERRULED**.

C.     To Void or Cancel the Assignment of the Deed of Trust

In her Third Cause of Action, Austin contends that the assignment of the security interest is invalid because Defendant Mortgage Electronic Registration Systems had no standing or legal authority to assign the deed of trust. Compl. ¶¶ 24-29. The Magistrate Judge, in reliance on settled law in this district,

recommends that this claim be dismissed as a matter of law with prejudice. R&R at 13-15.

In her objections, Austin states she "understands the Court[']s findings," but disagrees that she is not a party to the assignment and "is asserting her right to protect her property." Def.'s Objs. at 5-6. However, both the Georgia Court of Appeals and the Eleventh Circuit have specifically held that borrowers lack standing to challenge the validity of a lender's assignment. <u>Montgomery v. Bank of Am.</u>, 321 Ga. App. 343, 346 (2013); <u>see also</u> <u>Haynes v. McCalla Raymer, LLC</u>, 793 F.3d 1246, 1251 (11th Cir. 2015) ("In this case, the Haynes are not parties to the assignment they are challenging—it is between MERS and BANA. Georgia courts have previously addressed similar claims and found that the homeowners lacked standing to challenge the assignment.").

Therefore, Austin's objections to the dismissal of her claim that the assignment of the security interest was invalid are **OVERRULED**.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Austin's objections to the R&R [Doc. 16] are **SUSTAINED IN PART and OVERRULED IN PART**. Austin's objections as to the dismissal of her wrongful foreclosure claim with prejudice is

**SUSTAINED**, so that the dismissal will be without prejudice. Otherwise, her objections are **OVERRULED**.

After reviewing the remainder of the R&R for plain error, the Court **ADOPTS** the R&R [Doc. 14] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 6] is **GRANTED**. Plaintiff's Complaint [Doc. 1-1] is **DISMISSED WITH PREJUDICE**, with the exception of Count Five of the Complaint, which is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 4th day of April, 2019.

_____
MARK H. COHEN
United States District Judge